LEWIS D. NEWMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 19138.   Promulgated November 18, 1927.

*Francis B. Butler, Esq.,* and *Pierce Butler, Jr., Esq.,* for the petitioner.

*Bruce A. Low, Esq.,* for the respondent.

OPINION.

GREEN: The question involved is whether in determining the gain or loss from the sale of the trust certificates in 1924 the basis provided in section 204(a) of the Revenue Act of 1924 should be reduced by that portion of the tax-free distributions received in 1923 which was made from an increase in value of property accrued prior to March 1, 1913. In other words, did the respondent err in reducing the basis of $32,143.50 by the amount of $884.61 in addition to the amounts of $1,884.13 and $798.56? The petitioner concedes that the basis should be reduced by the amounts of $1,884.13 and $798.56 but not by the amount of $884.61.

It is alleged in the petition and admitted in the answer that "it is not controverted here that shares of beneficial interest in the trust known as Great Northern Iron Ore Properties are to be treated as shares of capital stock in a corporation and that distributions by the trustees are to be treated as distributions by a domestic corporation."

At the time the distribution that is in controversy was made, namely, the amount of $884.61 distributed in 1923 from an increase in

value of property accrued prior to March 1, 1913, the Revenue Act of 1921 was in force. Section 201(b) of that act provided as follows:

For the purposes of this Act every distribution is made out of earnings or profits, and from the most recently accumulated earnings or profits, to the extent of such earnings or profits accumulated since February 28, 1913; but any earnings or profits accumulated or increase in value of property accrued prior to March 1, 1913, may be distributed exempt from the tax, after the earnings and profits accumulated since February 28, 1913, have been distributed. If any such tax-free distribution has been made the distributee shall not be allowed as a deduction from gross income any loss sustained from the sale or other disposition of his stock or shares unless, and then only to the extent that, the basis provided in section 202 exceeds the sum of (1) the amount realized from the sale or other disposition of such stock or shares, and (2) the aggregate amount of such distributions received by him thereon.

At the time the petitioner sold the certificates in 1924, the Revenue Act of 1924 governed. The pertinent sections of this Act are as follows:

Sec. 202. (a) Except as hereinafter provided in this section, the gain from the sale or other disposition of property shall be the excess of the amount realized therefrom over the basis provided in subdivision (a) or (b) of section 204, and the loss shall be the excess of such basis over the amount realized.

Sec. 204. (a) The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property; except that   *   *   *

Sec. 201. (b) For the purposes of this Act every distribution is made out of earnings or profits to the extent thereof, and from the most recently accumulated earnings or profits. Any earnings or profits accumulated, or increase in value of property accrued, before March 1, 1913, may be distributed exempt from tax, after the earnings and profits accumulated after February 28, 1913, have been distributed, *but any such tax-free distribution shall be applied against and reduce the basis of the stock provided in section 204.* (Italics ours.)

The petitioner contends that the word "such" contained in the clause set out in italics above, restricted that clause to tax-free distributions made in 1924 or subsequent thereto on the ground that the word "such" could only refer to those distributions mentioned immediately before the clause in italics and that such distributions were by the very context and effective date of the 1924 Act restricted to distributions made in 1924 or subsequent thereto and does not cover those made in 1923.

The respondent on the other hand contends that section 201(b) of the 1924 Act did not specifically provide that *only* tax-free distributions *made subsequent to December 31, 1923*, were to be applied against and reduce the basis and that, therefore, such basis should be reduced by *all* tax-free distributions regardless of when made.

Gain is realized and taxable under the Revenue Act of 1924 only to the extent that it is expressly stated therein. That extent and occasions upon which gain is realized are covered by sections 202,

203 and 204, and particularly section 202(a), which provides that the gain is the difference between the price obtained and the basis provided in section 204. The distribution of dividends, tax-free or otherwise, has no effect upon gain except in so far as expressly covered by section 201. See section 201 (b), *supra*.

Title II of the Revenue Act of 1921 under which section 201(b) fell, was repealed by section 1100 of the Revenue Act of 1924, to take effect as of January 1, 1924. Title II of the Revenue Act of 1924, pertaining to the income tax, took effect as of January 1, 1924. See section 283. In our opinion the term "every distribution" in section 201(b) of the 1924 Act is, therefore, restricted to distributions made subsequent to December 31, 1923. The second sentence of section 201(b) of the 1924 Act allowing tax-free distributions which would for the same reason, namely, the effective date of the Act, be restricted to distributions made subsequent to December 31, 1923, is in our opinion so phrased by the words "may be distributed" to cover future distributions only. These in our opinion are the only distributions to which the word "such" in section 201(b), 1924 Act, can refer and there is no authority in this section for the reduction of the basis as provided in section 204 by the amount of $884.61, distributed in 1923 from an increase in value of property accrued prior to March 1, 1913. Were it intended not to limit the distributions to those in 1924 or subsequent thereto, the word "such" is meaningless.

The respondent was in error in reducing the basis by the amount of $884.61, distributions made in 1923 from an increase in value of property accrued prior to March 1, 1913. The parties have stipulated that if the Board finds for the petitioner the deficiency for 1924 would be $121.29.

Reviewed by the Board.

> *Judgment will be entered on 15 days' notice,*
> *under Rule 50.*

SMITH, dissenting: The Revenue Act of 1924 imposes a tax upon the "net income" of individuals (section 210). The net income is to be determined by deducting from gross income specified items. Gross income is defined in section 213(a) as including:

* * * gains, profits, and income derived from * * * sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; * * * or gains or profits and income derived from any source whatever.

There is no question that the petitioner derived a gain from the sale of his Great Northern Iron Ore Certificates in 1924 and that the prevailing opinion exempts from tax $884.61 of that gain. This statement is, of course, predicated upon the proposition that in deter-

mining the gain the basis is to be reduced by capital distributions made upon such certificates prior to the date of sale. Likewise, there is no question that the distribution of $1,683.17 received in 1923 was tax exempt in 1923 under the provisions of the Revenue Act of 1921. Although in his computation the taxpayer has conceded that $798.56 of the tax-free distribution in 1923 should be used in the reduction of the cost, the logic of the opinion is that no part of the tax-exempt distribution in 1923 need be used to reduce the cost for the reason that section 201 of the Revenue Act of 1921 was repealed by section 1100 of the Revenue Act of 1924, to take effect as of January 1, 1924.

There can be no question that provisions tending to exempt a person from tax upon income should be strictly construed in favor of the Government. Has such a rule of construction been invoked in the majority opinion?

Section 201(b) of the Revenue Act of 1924 reads precisely as it was printed on December 17, 1923, in the first Committee report of the Revenue Act of 1924, the subject of which is: "The Revenue Act of 1924, containing proposed amendments to the existing law suggested by the Secretary of the Treasury." The House of Representatives adopted the language recommended by the Secretary of the Treasury and the Senate adopted it with one slight change which was later stricken out. The report of the Ways and Means Committee, accompanying the submission of the bill to the House, states with reference to section 201(b) of the bill as follows:

In subdivision (b) of the existing law it is provided that tax-free distributions out of earnings and profits accumulated prior to March 1, 1913, shall be applied against and reduce the basis of the stock only for the purpose of determining a loss from the subsequent sale of the stock; such a distribution is not applied against the basis of the stock for determining the gain from its sale. The proposed bill in section 201(b) provides that a distribution out of earnings and profits accumulated prior to March 1, 1913, shall be applied against the basis of the stock for the purposes of determining both gain and loss from its subsequent sale.

The theory which causes the allowance of the receipt of the dividend free of tax is that this distribution, being out of earnings accumulated prior to March 1, 1913, constitutes a return of capital to the stockholder. If it is treated as a return of capital for purposes of taxation, it should manifestly be considered a return of capital for purposes of determining his capital investment in the stock, and the resulting gain or loss from its subsequent sale (p. 11).

The report of the Finance Committee accompanying the submission of the bill to the Senate reads, with reference to this same provision of the bill as follows:

In subdivision (b) of the existing law, it is provided that tax-free distributions out of earnings and profits accumulated prior to March 1, 1913, shall be applied against and reduce the basis of the stock only for the purpose of determining a loss from the subsequent sale of the stock; such a distribution is not applied against the basis of the stock for determining the gain from its

sale. The bill in section 201 (b) provides that a distribution out of earnings and profits accumulated prior to March 1, 1913, shall be applied against the basis of the stock for the purposes of determining both gain and loss from its subsequent sale.

Example: Corporation A has on hand at the present time $100,000 of capital and $50,000 earnings and profits accumulated prior to March 1, 1913. Stockholder X purchased the stock subsequent to March 1, 1913, for $150,000, or owned it prior to March 1, 1913, and its fair market value on that date was $150,000. Corporation A distributes to stockholder X $50,000 of earnings and profits accumulated prior to March 1, 1913. This distribution is not subject to tax. Later the corporation accumulates $75,000 of surplus, and stockholder X sells his stock for $175,000. Under the existing law X pays a tax on a gain of $25,000 from the sale. Under the bill he would pay a tax on $75,000 from the sale.

The theory which causes the allowance of the receipt of the $50,000 dividend free of tax is that this distribution, being out of the earnings accumulated prior to March 1, 1913, constitutes a return of capital to the stockholder. If it is treated as a return of capital for purposes of taxation, it should manifestly be considered a return of capital for purposes of determining his capital investment in the stock, and the resulting gain or loss from its subsequent sale. If he has had part of his capital returned to him, obviously he can not have that part so returned still invested in the stock. Unless the tax-free distribution is applied in reduction of the basis, the result is that the taxpayer is allowed a return of capital twice because of the same item of capital. In the example given, $75,000 of the sale price of the stock was attributable to an increase in value of the stock resulting from earnings and profits of the corporation accumulated since March 1, 1913. Unless the gain from the sale is considered to be $75,000, it will result in the exemption from tax, not of earnings and profits accumulated prior to March 1, 1913, which have already been distributed tax free, but of increase in value of the stock which is attributable to earnings and profits accumulated after that date (p. 2).

The above history of the bill shows what Congress meant by the provision. There can be no question that legislative intent in the construction of a taxing statute is a prime consideration. It is furthermore to be noted that in prescribing regulations, the Commissioner of Internal Revenue, with the approval of the Secretary, has carried out the legislative intent. In article 1543 of Regulations 65, the Commissioner has provided:

A tax-free distribution made by a corporation out of earnings or profits accumulated or increase in value of property accrued prior to March 1, 1913, shall be applied against the basis of the stock for the purpose of determining gain or loss from its subsequent sale. The fact that such distribution is in excess of the cost or other basis (provided in articles 1591–1603) of the stock on which declared does not render it subject to tax.

In this and other regulations the Commissioner has not made any differentiation between a tax-free distribution made in 1924 and in preceding years.

It may also be noted that the interpretation placed by the Commissioner upon the taxing statute is sanctioned by writers upon income

tax. Referring to the anomalous provision of section 201 (b) of the Revenue Act of 1921, George E. Holmes, in his work on "Holmes Federal Taxes, Sixth Edition, 1925," states at page 809:

The 1924 law corrects this anomaly by providing that any tax-free distributions of earnings or profits accumulated or increases in value accrued before March 1, 1913, shall reduce the basis for the purpose of determining gain or loss from a subsequent sale. This provision has two results: (1) it gives the taxpayer *one* exemption only in respect to the excess of value as of March 1, 1913, over cost; (2) it prevents the taxpayer from receiving tax-free (in the event of subsequent sale) distributions which, although earnings or profits or increases in value to the corporation, are in reality a part of the stockholder's capital investment.

Robert H. Montgomery, in his work on "Income Tax Procedure, 1925," states at page 662:

If distributions have been received from earnings accumulated prior to March 1, 1913, or from appreciation at that date, the basis prescribed by section 204, as set forth in this chapter, must be reduced by such "tax-free" distribution.

That section 201(b) of the Revenue Act of 1924 is susceptible of a different interpretation from that put upon it in the prevailing opinion and more in harmony with the other provisions of the taxing act is clearly proven by the history of the provision, the action of the Commissioner in prescribing regulations to put in force the provisions of the act, and by eminent writers on the income tax. All that Congress meant by the last sentence of section 201(b) of the taxing act—reading:

* * * Any earnings or profits accumulated, or increase in value of property accrued, before March 1, 1913, may be distributed exempt from tax, after the earnings and profits accumulated after February 28, 1913, have been distributed, but any such tax-free distribution shall be applied against and reduce the basis of the stock provided in section 204—

is that certain distributions might be made exempt from tax but that "such" tax-free distribution shall be applied against and reduce the basis of the stock provided in section 204. The term "such" has reference to the tax-free distribution, not necessarily of the tax-free distribution made in 1924, but that made at any time out of the earnings or profits accumulated or increase in value of property accrued before March 1, 1913. Even if there had been no second sentence in section 201(b), it would have been incumbent upon the taxpayer to take into account these free distributions in computing his gain upon the sale of the certificates under the provisions of section 202(b) of the Act, which provides that:

In computing the amount of gain or loss under subdivision (a) proper adjustment shall be made for (1) any expenditure properly chargeable to capital account, and (2) any item of loss, exhaustion, wear and tear, obsolescence, amortization, or depletion, previously allowed with respect to such property.

The tax-free distribution received by the petitioner in 1923 was an item of exhaustion or depletion. The petitioner was a part owner of the trust *res*. The tax-free distributions were on account of the depletion of the value of the *res*. That is the reason why he was permitted to receive it tax-free in the year of receipt.

In my opinion a sound construction of the taxing statute is that these tax-free distributions should be taken into account in determining the true gain upon the sale. The same principle of construction of the statute should be invoked as was invoked by the Supreme Court in *United States* v. *Ludey*, 274 U. S. 295, where it was held that a taxpayer selling oil-mining properties in 1917, which he had purchased prior to March 1, 1913, was required in computing income and excess-profits taxes under the Revenue Act of 1916, as amended by the Revenue Act of 1917, to deduct from the original cost the aggregate of depreciation and depletion items, deduction of which from annual income-tax returns was authorized. In that case there were no provisions of the taxing statutes in question that such depreciation and depletion items should be taken into account in determining the gain or loss and the United States Court of Claims held by virtue thereof that the amounts should not be taken into account. The Supreme Court, held, however, that such a construction was contrary to the scheme of the statute.

Invoking the same rule of construction in the case at bar the same conclusion must be reached. It is inconceivable that Congress intended that in such a case as this all tax-free distributions which had been received by an owner of property who sold such property in 1924 should not be taken account of in determining the gain upon the sale. The scheme of the statute never contemplated such a result and the language of the statute does not fairly warrant it.

LOVE concurs.